UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tamara Jones,<br>    Plaintiff,<br>v.<br>Department of Veteran Affairs Office of Inspector General, and Tim Mugrage,<br>    Defendants. | Case No.: 2:21-cv-00315-GMN-DJA<br><br>**Order** |

    Before the Court is Plaintiff Tamara Jones' motion to extend time for service (ECF No. 10) filed on July 23, 2021. Defendants did not file a response. The motion requests that the Court give Plaintiff more time to serve the Department of Veterans Affairs Office of Inspector General (the "Department") and Special Agent Tim Mugrage.

    Federal Rule of Civil Procedure 4(m) provides that, if a defendant is not served within 90 days after the complaint is filed, the court may dismiss the action or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The 90–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the . . . [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that . . .[90]–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed . . .[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good

cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. Finally, the Court liberally construes *pro se* submissions. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff has shown good cause to extend the time to serve Defendant Tim Mugrage. Plaintiff requests additional time to serve both the Department and Mugrage. However, already Plaintiff filed summons returned executed as of March 15, 2021 to the Department's headquarters. This was within ninety days of her complaint filed on February 24, 2021 (ECF No. 1). Plaintiff has already effectively served the Department and does not need additional time.

Plaintiff has not, however, successfully served Mugrage. From her motion, it appears that Plaintiff believes she served Mugrage through her service to the Department. She claims that, because she is a *pro se* plaintiff, not well versed in federal rules and procedures, that she has shown good cause for her failure to timely serve the Defendants. The Court agrees. Plaintiff has paid her filing fee, used a process server, and done her diligent best to serve the Defendants in this action. Moreover, her motion for an extension of time is unopposed. The Court thus grants Plaintiff a thirty-day extension to serve Mugrage. The Court directs Plaintiff to carefully review Federal Rule of Civil Procedure 4 and reminds Plaintiff that her proof of service must specifically list Tim Mugrage as being served.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time for service (ECF No. 10) is **granted** in part.

**IT IS FURTHER ORDERED** that the time for service under Fed. R. Civ. P. 4(m) is extended for thirty days from the date of this Order— to Friday, October 1, 2021—for Plaintiff to effectuate service on Tim Mugrage.

Dated: September 1, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

2